# In the United States Court of Federal Claims

No. 17-183

Filed: March 7, 2017

*******************************************
|                        |   |
|------------------------|---|
| SIGMATECH, INC.,       | * |
|                        | * |
| Plaintiff,             | * |
|                        | * |
| v.                     | * |
|                        | * |
| THE UNITED STATES,     | * |
|                        | * |
| Defendant.             | * |

4 C.F.R. 21.9 (Government Accountability Office Advisory Opinion).

*******************************************

**Roderic G. Steakley**, Sirote & Permutt, P.C., Huntsville, Alabama, Counsel for the Plaintiff.

**Agatha Koprowski**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### ORDER DENYING THE GOVERNMENT'S MOTION TO REQUEST AN ADVISORY OPINION

**I.   BACKGROUND.**

On November 15, 2016, Sigmatech, Inc. ("Sigmatech") filed a Bid Protest in the Government Accountability Office ("GAO"), challenging the United States Department of the Army Contracting Command's ("the Army") decision to set aside Solicitation No. W91CRB-16-R-0039 ("the Solicitation") for small business concerns. Compl. at ¶ 88. The GAO was required by law to issue a decision regarding the November 15, 2016 Bid Protest by February 23, 2017. *See* 31 U.S.C. § 3554(a)(1) ("[T]he Comptroller General shall issue a final decision concerning a protest within 100 days after the date the protest is submitted to the Comptroller General."); *see also* 4 C.F.R. 21.9 ("[The] GAO shall issue a decision on a protest within 100 days after it is filed.").

On February 7, 2017, Sigmatech, filed a Bid Protest ("Compl.") in the United States Court of Federal Claims, challenging the Army's decision to issue the Solicitation as a small-business set-aside. Compl. at ¶ 1. On February 8, 2017, the Government filed a Motion To Request An Advisory Opinion From GAO ("Gov't Mot."). ECF No. 13. On February 17, 2017, Sigmatech filed a Response ("Pl. Resp."). ECF No. 17. On February 27, 2017, the Government filed a Reply ("Gov't Reply"). ECF No. 21.

On March 3, 2017, Sigmatech filed an Amended Complaint ("Am. Compl."), pursuant to Rule of the United States Court of Federal Claims ("RCFC") 15(a)(1)(B), re-alleging the same counts in the February 7, 2017 Complaint and adding a third count. Am. Compl. at ¶ 120.

## II.   JURISDICTION.

The United States Court of Federal Claims is required to make a threshold determination regarding jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884))).

Pursuant to the Administrative Dispute Resolution Act of 1995 ("ADRA"), the United States Court of Federal Claims has jurisdiction:

> to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation *in connection with a procurement or a proposed procurement*.

28 U.S.C. § 1491(b)(1) (emphasis added).

In this case, the March 3, 2017 Amended Complaint alleges several violations of law "in connection" with Solicitation No. W91CRB-16-R-0039. Counts I and II allege that the Army's decision to issue the Solicitation as a small-business set-aside violated 48 C.F.R. 19.502-2(b), because the analysis it undertook to determine that "there [was] a reasonable expectation that . . . offers [would] be obtained from at least two responsible small business concerns" was arbitrary, capricious, an abuse of discretion and contrary to law. Compl. at ¶¶ 97, 100, 102–04, 109, 119; *see also* 48 C.F.R. 19.502-2(b) ("The contracting officer shall set aside any acquisition over $150,000 for small business participation when there is a reasonable expectation that . . . [o]ffers will be obtained from at least two responsible small business concerns."). Count III alleges that, in a prior bid protest regarding Solicitation No. W91CRB-16-R-0039, the Army admitted that it did not consider whether two or more small businesses would submit bids before issuing the Solicitation as a small-business set-aside, and therefore decided to take corrective action. Am. Compl. at ¶ 125. The Army's corrective action, however, did not cure the admitted defects. Am. Compl. at ¶ 130.

For these reasons, the court has determined that it has jurisdiction to adjudicate Counts I, II and III of the March 3, 2017 Amended Complaint.

## III.   DISCUSSION.

### A.   The Government's Argument.

The Government argues that a GAO advisory opinion would promote judicial efficiency and economy, because the GAO's conclusions might help the parties to narrow the issues in this case. Gov't Mot. at 2. The claims alleged in the March 3, 2017 Amended Complaint are identical

to those raised by Sigmatech in the GAO Bid Protest.[1]  Gov't Mot. at 1.  If the GAO advises that Sigmatech's protest should be sustained, the Government will follow the GAO's recommendation. Gov't Mot. at 2.  Conversely, the Government adds, if the GAO issues a decision favorable to the Army, Sigmatech may revise or voluntarily dismiss the March 3, 2017 Amended Complaint. Gov't Mot. at 2.

Although GAO advisory opinions are not binding, they "can be of great value when considering issues of Federal procurement law."  Gov't Mot. at 2 (citing *Thompson v. Cherokee Nation of Okla.*, 334 F.3d 1075, 1084 (Fed. Cir. 2003) ("[The United States Court of Federal Claims and the United States Court of Appeals for the Federal Circuit] have relied on the opinions of the [GAO], as expressed in *Principles of Federal Appropriations Law* [], and on the opinions of the Comptroller General, both of whose opinions, while not binding, are expert opinions, which we should prudently consider." (internal quotation marks omitted))).

### B.   Sigmatech's Response.

Sigmatech responds that a GAO advisory opinion would not promote judicial economy in this case, because GAO opinions are not binding on the United States Court of Federal Claims. Pl. Resp. at 1–2 (citing *Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1057 (Fed. Cir. 2000) ("The Court of Federal Claims evaluate[s] directly the agency's decision, not the GAO decision.")).  In addition, some of the issues raised in the GAO Bid Protest can only be litigated by the United States Court of Federal Claims.  Pl. Resp. at 4.  More importantly, a GAO advisory opinion would be based on an incomplete Administrative Record, since the record before the GAO did not include documents from the Army, recommending that the Solicitation should not issue as a small-business set-aside.  Pl. Resp. at 5.

### C.   The Government's Reply.

The Government replies that Sigmatech did not meaningfully address the arguments in support of its February 8, 2017 Motion To Request An Advisory Opinion.  Gov't Reply at 1.

### D.   The Court's Resolution.

The United States Court of Federal Claims may consider a GAO advisory opinion, but delay and duplication costs would outweigh the potential benefit of such an opinion in this case. Pursuant to Appendix C of the RCFC, "[t]he court's practice is to expedite [bid] protest cases to the extent practicable."  RCFC App. C at ¶ 9.  Requesting an advisory opinion at this juncture necessarily would delay the resolution of this case.

Moreover, a GAO advisory opinion would be of limited value, because the Administrative Record in this protest contains several hundred pages of documents that were not part of the record before the GAO.  AR Index, ECF No. 20.  Moreover, the Government's conjecture that Sigmatech

---

[1] The Government's February 8, 2017 Motion was filed before the March 3, 2017 Amended Complaint.  Accordingly, the Government's arguments are directed at the original Complaint, instead of the Amended Complaint.  For the purpose of this Order, however, the court reads the arguments made in the February 8, 2017 Motion, in light of the March 3, 2017 Amended Complaint.

3

might amend or voluntarily dismiss the March 3, 2017 Amended Complaint, if the GAO upholds the Army's decision to issue the Solicitation as a small-business set-aside, is entirely speculative.

Finally, the quarterly newsletter for the American Bar Association's Section of Public Contract Law, recently published an article, reporting that the United States Court of Federal Claims has ruled in approximately thirty cases that the GAO decision was erroneous, including the following examples:

> *Caddell Constr. Co. v. United States*, 123 Fed. Cl. 469, 475–79 (2015); *Per Aarsleff A/S v. United States*, 121 Fed. Cl. 603, 607 (2015); *Rush Constr., Inc. v. United States*, 117 Fed. Cl. 85, 93–99 (2014); *FCN, Inc. v. United States*, 115 Fed. Cl. 335, 356–57 (2014); *Amazon Web Servs. v. United States*, 113 Fed. Cl. 102, 106 (2013); *BCPeabody Constr. Co. v. United States*, 94 Fed. Cl. 561, 573–83 (2010), *aff'd*, 654 F.3d 1377, 1384–87 (Fed. Cir. 2011).

Pensive Poser, *Isn't More Complicate Better?*, 52 THE PROCUREMENT LAWYER no. 2, 2017, at 6 n.13.

For these reasons, the Government's February 8, 2017 Motion To Request An Advisory Opinion is denied.

**IT IS SO ORDERED.**

                                              s/ Susan G. Braden
                                              **SUSAN G. BRADEN**
                                              **Judge**